JEANETTE GORDON v. THE STATE.

No. 699.  Decided October 12, 1910.

Rehearing Denied December 21, 1910.

1.—Keeping Disorderly House—Sufficiency of the Evidence.

Where, upon trial of keeping a disorderly house, the evidence showed conclusively that the defendant was engaged in the running of a house of prostitution, the conviction was sustained.

2.—Same—Evidence—Character of House.

Upon trial of keeping a disorderly house there was no error in admitting testimony that the defendant at the time the witness visited her house tried to get him to buy a bottle of beer at one dollar a bottle; as this showed the character of the house.

3.—Same—Evidence—General Reputation.

Where the information charged that the defendant was the keeper of a disorderly house upon a certain date, there was no error in admitting evidence as to the general reputation of said house for some time previous to and up to the date alleged in the indictment.

4.—Same—Evidence—Charge—Want of Denial—Silence.

Upon trial of keeping a disorderly house there was no error in admitting testimony that the defendant was charged with keeping a disorderly house and made no reply thereto.

Appeal from the County Court of Tarrant.  Tried below before the Hon. John L. Terrell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*McLean & Scott* and *Warren W. Moore,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant was convicted in the court below upon an information charging her with being the owner, lessee and having the control of a certain house and "did then and there keep," or was concerned in keeping a bawdy house.  The penalty assessed was a fine of $200 and twenty days in jail.  From this judgment of conviction appellant has appealed and asks a reversal.

In her motion for new trial appellant sets up three grounds: First, because, the verdict of the jury is contrary to and unsupported by the

evidence.    Second, because the verdict is contrary to the law, and, third, because the court erred in the admission of testimony over the objection of the defendant.

As to the first and second grounds, we will say the testimony supports the verdict.    The proof shows conclusively that the appellant was engaged in the running of a house of prostitution; that she kept lewd women in her house; that men indiscriminately visited the house, were invited to buy beer and solicited by the appellant to go to rooms with the girls for the purpose of illicit intercourse.

We find in the record several bills of exception.    The first bill of exceptions in the record is to the action of the court in permitting the State, over the defendant's objection, to ask the witness Ellis, and in permitting the witness to testify, that the appellant at the time he visited the house tried to get him to buy a bottle of beer and stated to the witness that the price of the beer was $1 a bottle.    It is contended that this testimony was immaterial to any issue in the case and was calculated to prejudice the jury against the defendant.    This testimony was legitimate as a circumstance to show the character of house and the court did not err in admitting the testimony.

Bill of exceptions No. 2 and No. 3 are to the action of the court in permitting the State to ask the witness and to allow the witness to testify as to the general reputation of the house from the 1st of September to the 18th of December, because the testimony was illegal and was not properly limited to the time of the allegation in the information.    The information charged that she was the keeper of said house on the 18th day of December, 1909.    It seems the Act of the Legislature defining this offense went into effect about the middle of August, 1907.    We think the testimony was admissible and was properly limited and that this bill of exceptions is without merit.

Bill of exceptions No. 4 is to the action of the court in permitting the State to prove by the witness Snow that he had a conversation with the appellant, in which witness stated to her that he, witness, was down in that part of town to notify them all to vacate and that she was keeping a disorderly house.    The bill does not disclose what the appellant replied, or what answer she made to the demand or order of Snow.    We think that this testimony was admissible.    The officer charged her with keeping a disorderly house.    She makes no reply to it.    Silence is sometimes a circumstance to be considered by a jury in determining an issue before them.    We are clearly of opinion that this testimony was admissible and that the court did not err in permitting the State to make the proof.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied December 21, 1910.—Reporter.]